**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

FILED
EASTERN DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 07 2012
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

CASE NO. 5:12CV00417 BSM/BD

1. Parties

In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

   A. Name of Plaintiff: **Randal L. Robbins**
      ADC# 147782
      Address P.O. Box 500 BKS.8-B, Grady, AR 71644-0500

In Item B below, place the <u>full</u> name of the defendant in the first blank, his official position the second blank, his place of employment in the third blank, and his address in the fourth blank.

   B. Name of defendant: **Dr. Mumtaz**

   [handwritten: case assigned to District Judge Miller / Magistrate Judge Deere]

   Position: Contracted Orthopedic Dr.

   Place of employment: Contracted by ADC/Corizon Medical

   Address: Contact Corizon Medical c/o Ark. Dept. of Correction.

   Name of defendant: **Ms. Bland, APN**

   Position: Nurse Practictioner

   Place of Employment: Cummins Unit Infirmary

   Address: P.O. Box 500, Grady, AR 71644-0500

   Name of defendant: **Dr. William Warren**

   Position: Former Dr. Cummins Unit Infirmary

   Place of Employment: Presently Unknown

   Address: **Contact ADC- via -Pine Bluff Central Office**

1

Name of defendant: **Dr. Moore**

Position: Dr. - Cummins Unit Infirmary

Place of Employment: Cummins Unit Infirmary

Address: P.O. Box 500, Grady, AR 71644-0500

Are you suing the defendants in:

official capacity only

personal capacity only

(X) both official and personal capacity

III. Previous Lawsuits

Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No **(None)**

If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another pieced of paper, using the same outline.)

Parties to previous lawsuit

Plaintiffs: N/A

Defendants: N/A

Court (if federal court, name the district; if state court, name the county): N/A

Docket Number: N/A
Name of judge to whom case was assigned: N/A

Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? N/A

Approximate date of filing lawsuit: N/A

Approximate date of disposition: N/A

2

IV.  Place of present confinement: Arkansas Department of Correction, P.O. Box 500, Grady, AR 71644-0500, (Cummins Unit).

V.  At the time of the alleged incident(s), were you:
(check appropriate blank)

(**XX**) serving a sentence as a result of a judgment of conviction

VI.  The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

   A.  Did your file a grievance or grievances presenting the facts set forth in this complaint?

   Yes **XX**   No _____

   Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

   Yes **XX**   No _____

VII. **STATEMENT OF CLAIM:**

Stated below are the facts to case, as are related to complete description of how each defendant is attached by liability. to wit:

The Prison Litigation Reform Act requires that the plaintiff exhaust any available Administrative remedies prior to filing such a complaint under a section **§ 1983 [42 U.S.C. § 1997 (e) (a) ]** whereby, the plaintiff admits that the Arkansas Department of Corrections does have an Inmate Grievance Procedure. And that the plaintiff has as of this present filing fully exhausted said remedies **[see attached]**.

The plaintiff acknowledges that none of the so named defendants herein are entitled to any form of immunity. Furthermore, so stated that any person so acting under color of law, or federal or state protected right's subjected to action under Section **42 U.S.C. § 1983.**

3

Under **42 U.S.C. § 1983**, a prisoner may seek redress against any person acting under color of law, when said person/persons deprive said prisoner of any right Guaranteed by Constitutional or federal tort state laws. [see: **Oklahoma v. City of Tuttle**, 471 U.S. 808, 817 A' 4 (1985); **McRaven v. Sanders**, 577 E.3d 974 (8th. cir. 2009); also; **Lyons v. McHigan DOC, U.S. D.C. (E.D. Mich)** case No. 2:08-cv-13631-CER/vmm].

Be it so stipulated that under, 42 U.S.C. section § 1983, does provide in pertinent part that; "Every person who, under color of law, any statute, ordnance, regulation, custom or Usage, Subjects or causes to be subjected, any citizen of the United States or other person within the Jurisdiction there of to the deprivation of any Rights, privileges or immunities secured by the Constitution and laws, "Shall be held liable to the injured party in said action of law pursuant to section **42 U.S.C. § 1983**."

Therefore, all herein so named Defendants are being held accountable in their Personal as well as to their Official Capacities, for having Shown Deliberate Indifference to the Serious Medical Needs of the Plaintiff.

As well as for their gross misuse of power that was possessed by each so named defendant by virtue of constitutional and state laws, which clothed them with the authority state law as agents of state employees **(or sub contracted employees)** or by being an employee of the Arkansas Department of Corrections.

**Incident** : On or about September 4, 2010, there was a Blister found on my right foot. This was neglected by medical staff for several days even though several nurse were properly notified.

After which said blister turned into an infection in three of my toes (on right foot) [be it so noted that plaintiff is a Diabetic]. the infection became so serious that plaintiff having been faced with Deliberate indifference by the Cummins Unit Medical Staff was facing Amputation of his toes on right foot.

Having been sent to Dr. Buckman, the plaintiff on or about December 3, 2010, had the toes of his Right Foot Amputated. Upon return to the Cummins Unit Infirmary, the plaintiff received only bandage changes with foot soaks, with mild pain Medication. [at no point was plaintiff given Antibiotics to stave off any further Infection].

Ms. Bland (Nurse Practitioner) along with Dr. William Warren, upon being properly informed of the infection spreading to the other toes of right foot, simply ordered more soaking along with bandage changes.

Due to said Defendants Bland, and Dr. Warren the infection spread and caused the Amputation of remaining toes, by June 12th. 2011, and appointment with Dr. Mumtaz resulted in the Amputation being done on August 4th. 2011.

By March 29th, 2012, I was still facing severe pain, infection and Deliberate Indifference by Defendants so named herein. I was once again seen by Dr.Mumtaz on or about March 29th. 2012, at which time it was determined that due to negligence of the Cummins Unit Infirmary Staff and their Deliberate Indifference to Plaintiff's Medical needs, the plaintiff was being forced to have the entire right lower leg Amputated. [note: Dr. Warren, and Ms. Bland, even after having received written documentation as to treatment protocol by sub contracted Doctors, no Antibiotics were given, nor was proper wound care provided.]

An order was issued for dressing changes every two (2) day's from March 28, yet, the plaintiff had to report to Infirmary even on days that were not scheduled treatment days due to the bleeding and drainage of infection onto bandages. But, Plaintiff was refused treatment on the days of March 1st., 17th, 19th, 21st., 27th, 29th, and 30th.

Dr. Mumtaz had even ordered that treatment include **Hyperbaric Oxygen** , as well as continued daily wound care. But, orders were not followed by Dr. Warren nor Ms. Bland. The lack of proper Medical care by Dr. Warren and Ms. Bland, led to the below the knee Amputation.

The record will clearly show that the plaintiff has filed many grievances concerning these current serious medical needs issues. and that the alleged inadequate medical care taken by the defendants to present, now include Dr. Moore, whom refuses to issue care to insure that present scar heals on that there is no further infection in the now Amputated leg.

Dr. Moore does not follow medical pro-to-call of Doctors from which the Corizon Medical services contracts with to provide Health Care. Dr. Moore refuses to order prescribed treatments or medications. And further more, refuses to provide proper issuance of medical devices that are required to treat issues.

The defendants so named herein have violated the Rights of the plaintiff not only Pursuant to the **Eighth (8th.) Amendment to the United States Constitution**, but have violated the plaintiff's fully invested Rights as one guaranteed protected by the **Fourteenth (14th.) Amendment** for due process & equal protection to include having violated the **Americans with Disabilities Act (A.D.A.) and the Rehabilitation Act.**

The Defendant's total disregard for plaintiff well being are clearly Deliberate Indifference to plaintiff's <u>**Serious Medical Needs**</u>, and give rise to intentional infliction of emotional stress otherwise known as "Tort of Outrage."

In this present claim [much like the claims of <u>**Langford,**</u> and <u>**Hardin**</u> **614 F.3d 445 (8th. cir. 2010).**] the facts must be construed in light most favorable to the plaintiff. Which, if all facts allowed for full review with plaintiff's evidence [which if a evidentiary hearing is held] will prove each and every element of claims. as will prove the established violation of the **Eighth (8th.) Amendment of the United States Constitution** [see : <u>Crooks v. Nix</u>, **872 f. 2d 800 (8th. cir. 1989)**; <u>Boyd v. Knox</u>, **47 F. 3d 966 (8th. Cir. 1995)**; and <u>Logan v. Clark</u>, **119 F.3d 647 (8th. cir. 1997)**].

### "Conclusion"

The Plaintiff has suffered for too long with the Deliberate Indifference from the Defendants for serious Medical needs. And if this Honorable Court will grant/issue an Order for an Evidentiary Hearing whereby plaintiff can present his undisputed facts, then the court can be satisfied that any and all reasonable Officials whom knew of plaintiff's condition, and also knew that the use or forced use of the Grievance Procedure hindered rather than helped the plaintiff to receive proper Medical Care. Therefore, failing to take corrective action contravened clearly established principle of Eighth (8th.) Amendment Jurisprudence. [see: <u>Miller</u> , supra **75 F.3d at 1308**, <u>Crooks</u>, **872 F.2d at 804**, and <u>Messimer</u>, **702 F. 2d at 732**].

And that the plaintiff prays that this Honorable Court will take into consideration that the plaintiff is not schooled in law, nor able to properly defend himself in a court , Whereby plaintiff has attached the "Motion for appointment of Counsel."

VIII.                      **Relief Sought: To Wit:**

A). The plaintiff seeks injunctive relief in the form of having Arkansas Department of Corrections Grievance Procedure deemed to be unconstitutional, when applied to Medical issues. Thus, being being that the present applied procedure hinders the issuance of proper Medical Care.

B). Plaintiff seeks 'Punitive damages' from each so named defendant in the amount of ($250,000.$^{00}$) two hundred and fifty thousand dollars for deliberate indifference to plaintiffs serious Medical needs as well as reckless & Callous disregard for Plaintiffs rights.

As so outlined and intentional violation of federal law **42 USC § 1981 (a) (b) (1)** : **Smith v. Wade** 461 U.S. 30 (1983).

C) Compensatory damages in the amount of two and an half million Dollars ($2.5 million) for the wanton and unnecessary pain and suffering caused by failure to properly correct and treat the needs of the plaintiff. [see: **Hayes v. Faclkner**, 388 F. 3d 669 (8th. cir. 2006)].

And any and all other Relief that this Honorable Court may deem appropriate.

I, Randal L. Robbins declare under the penalty of perjury **(18 U.S.C. § 1621)** that the foregoing is true and correct to the best of my knowledge.

*Randal L. Robbins* (signature)
Randal L. Robbins
ADC# 147782 BKS# 8-B
P.O. Box 500
Grady, AR 71644-0500