**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RANDAL L. ROBBINS**                                                                               **PLAINTIFF**

V.                             No. 5:12CV00417 BSM-BD

**HAMD MUMTAZ,** *et al.*                                                                          **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. <u>Background</u>:

Plaintiff Randal L. Robbins, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #2) Mr. Robbins alleges that all of the Defendants were deliberately indifferent to his serious medical needs and, thus, violated his Eighth Amendment rights. Specifically, he alleges the Defendants failed to properly treat infections in his toes, foot, and leg, resulting in the amputation of his lower right leg. He also alleges that Defendants violated the Fourteenth Amendment due process and equal protection clauses, the Americans with Disabilities Act, and the Rehabilitation Act. (#2 at pp. 4-6) And, finally, he alleges the tort of outrage. (#2 at p. 6)

The Court previously dismissed Mr. Robbins's Fourteenth Amendment due process and equal protection claims, his Americans with Disabilities Act claim, and his claim under the Rehabilitation Act. And Defendant Mumtaz has been dismissed from the lawsuit. (#7, #33)

Defendants Warren, Bland, and Moore have now moved for summary judgment on Mr. Robbins's claims against them. (#39) They argue that Mr. Robbins failed to exhaust

his administrative remedies.  Mr. Robbins has responded to the Defendants' motion. (#43)

Based on the undisputed evidence presented, the Court recommends that the Defendants' motion for summary judgment (#39) be GRANTED, and that Mr. Robbins's claims be DISMISSED, without prejudice.

## III.  Discussion:

### A.  Exhaustion

It is settled law that prisoners must exhaust available administrative remedies before turning to the courts.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  As a general rule, a court is obliged to dismiss all claims that were not fully exhausted before the lawsuit was filed.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

It is undisputed that Mr. Robbins exhausted one grievance prior to filing this lawsuit, CU-12-00815  (#41-1 at p.2)  In that grievance, dated April 5, 2012, Mr. Robbins complained that Dr. Mumtaz, as well as employees of Corizon Medical Services, failed to provide him proper medical treatment.  (#41-1 at p.4)  He explained that the medical staff at the Cummins Unit failed to change his dressings, resulting in infection.  (*Id.*)  He alleged that his lower leg would have to be amputated as a result of the Defendants' failure to provided necessary medical care.  (*Id.*)

In support of their motion, the Defendants provide Wendy Kelley's decision regarding Mr. Robbins's final appeal of grievance CU-12-00805. (#41-1 at p.6) In her decision, she found that Mr. Robbins had received the recommended medical treatment prior to his amputation. (*Id.*) Although Ms. Kelley noted that Defendant Bland examined Mr. Robbins and determined that there was not a need for further dressing changes, that examination took place in June 2012, well after Mr. Robbins had filed the grievance at issue, and after the amputation. (*Id.*)

In support of their motion, Defendants also produce Mr. Robbins's deposition testimony. In his deposition, Mr. Robbins testified that he did not see Defendant Moore until April 2012, after his leg had been amputated. (#41-2 at p.6) Mr. Robbins also conceded that Defendant Moore was not part of the "medical staff" referenced in his fully exhausted grievance. (#41-2 at p.10) Further, Mr. Robbins testified that Defendants Warren and Bland were not responsible for his "wound care" or dressing changes. (#41-2 at pp.10-11)

Mr. Robbins has failed to come forward with any proof to rebut the evidence showing that he did not fully exhaust claims against Defendants Warren, Bland, and Moore. Therefore, his claims against these Defendants should be dismissed, without prejudice.

B.    Tort of Outrage

When screening Mr. Robbins's complaint, the Court found that Mr. Robbins had stated a state law tort claim for outrage against Defendants Warren, Bland, and Moore. (#5 at p.3) Because the Court has determined that the Defendants' motion for summary should be granted with respect to his federal constitutional claims, the Court should decline to exercise supplemental jurisdiction over state tort claims. See *Gibson v. Weber*, 433 F.3d 642 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

IV.   <u>Conclusion</u>:

The Court recommends that the Defendants' motion for summary judgment (#39) be GRANTED, and that Mr. Robbins's claims against Defendants Warren, Bland, and Moore be DISMISSED, without prejudice.

DATED this 19th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE